IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20232
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR GEORGE GUTIERREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-47-1

_____

November 14, 1997

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Oscar Gutierrez appeals his conviction under 18 U.S.C. § 924(c)(1), alleging that the evidence was insufficient to support his conviction for "carrying" a firearm during the commission of the drug offense. Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The district court's finding of guilt was supported by substantial evidence. See United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cardenas, 9 F.3d 1139, 1156 (5th Cir. 1993), cert. denied, 511 U.S. 1134 (1994).

Officer Green testified that appellant Gutierrez turned his back to the arresting officer, pulled out a black semiautomatic-type pistol from his waistband, and fell to the floor. Gutierrez then hid the pistol under some clothing. Confidential informant Church also testified that Gutierrez pulled a pistol, which he then hid under some "trash" on the floor. The testimony of Green and Church was not incredible or unbelievable on its face. See United States v. Castenada, 951 F.2d 44, 48 (5th Cir. 1992), reh'g denied, (stating that testimony is incredible as a matter of law only when it is so facially unbelievable that it defies physical laws) (citations omitted). The district court was not required to credit Gutierrez's testimony that he did not have a gun at any time during the drug transaction over the testimony of the Government's witnesses. Thus, viewed in the light most favorable to the verdict, the evidence is sufficient to sustain Gutierrez's conviction.

Gutierrez also alleges that his trial counsel was ineffective for failing to file a motion to suppress the fruits of the first and second warrantless searches of the residence. "[A] claim of ineffective assistance of counsel generally cannot be addressed on direct appeal unless the claim has been presented to the district court; otherwise there is no opportunity for the development of an adequate record on the merits of that serious

allegation." <u>United States v. Navejar</u>, 963 F.2d 732, 735 (5th Cir. 1992). Thus, if an ineffective-assistance claim is raised for the first time on appeal, this court will reach its merits only "in rare cases where the record [allows the court] to evaluate fairly the merits of the claim." <u>United States v. Higdon</u>, 832 F.2d 312, 314 (5th Cir. 1987), <u>cert. denied</u>, 484 U.S. 1075 (1988). This is not one of those rare cases. Accordingly, we decline to address Gutierrez's ineffective-assistance claim. Gutierrez may challenge his counsel's effectiveness in a 28 U.S.C. § 2255 proceeding.

AFFIRMED.